Michael J. GOMEZ, Appellant–
Petitioner,

v.

Alissa M. GOMEZ, Appellee–
Respondent.

No. 45A03–0709–CV–453.

Court of Appeals of Indiana.

June 4, 2008.

experience, training or education." Ind. Evid. R. 702.

Mark A. Bates, Schererville, IN, Attorney for Appellant.

Jennifer Irons, Highland, IN, Attorney for Appellee.

**OPINION**

RILEY, Judge.

*STATEMENT OF THE CASE*

Appellant–Petitioner, Michael J. Gomez (Father), appeals the trial court's denial of his Verified Petition for Modification of Support and Parenting Time.

We affirm.

*ISSUES*

Father raises two issues for our review, which we restate as:

(1) Whether the trial court abused its discretion when it admitted the Parenting Time Coordinator's recommendation as evidence; and

(2) Whether the trial court abused its discretion when it denied Father's petition to modify parenting time.

*FACTS AND PROCEDURAL HISTORY*

On September 7, 2005, the trial court dissolved the marriage of Father and Appellee–Respondent, Alissa M. Gomez (Mother), by decree. The decree found that Father and Mother had created a fair, equitable, and just settlement of all matters relating to their marital duties by entering into a Marital Settlement Agreement. The Marital Settlement Agreement provided joint legal custody of their two children, with physical custody to Mother. The agreement acknowledged the right of Father to reasonable visitation pursuant to the Indiana Parenting Time Guidelines "and in addition shall be allowed additional visitation one weekday per week." (Appellant's App. p. 18). Father agreed to pay Mother two hundred nine dollars per week, plus payment of extra-curricular expenses, as his child support obligation.

On November 14, 2006, Mother filed a petition for rule to show cause.[1] On December 4, 2006, Father filed a petition to modify child support and parenting time. On December 20, 2006, Mother filed an amended petition for rule to show cause requesting the trial court to require Father appear and explain why he should not be held in contempt for violating the Marital Settlement Agreement for several reasons. Mother and Father agreed to submit to mediation and have a parenting time coordinator appointed to make a parenting time recommendation due to their inability to work together cooperatively. Mother and Father participated in mediation and came to an agreement on some of the issues raised in both Mother's petition and Father's petition. Notably, Mother and Father agreed that: (1) Father would pay $15,313.60 to Mother for outstanding obligations from the divorce decree; (2) Father owed no remaining arrearage on child support; and (3) decisions on future extra curricular activity expenses must be agreed upon by the parties and paid pur-

---

1. Mother's initial "petition for rule to show cause" has not been included in the record on appeal.

suant to the child support guidelines worksheet. On August 9, 2007, the trial court held a final hearing on the issues still in dispute. On August 22, 2007, the trial court entered its Order, which stated in pertinent part:

1. The Mediation Settlement Agreement submitted to the court on August 9, 2007[,] is approved and is hereby adopted as part of this court's [O]rder as if fully reprinted herein.

2. Mother withdraws her Petition for Rule to Show Cause filed on October 30, 2006[,] and proceeds on the amended petition filed on December 20, 2006.

3. Mother's Amended Rule to Show Cause is GRANTED in part as follows. Father's obligation to pay the extra-curricular expenses for the children is clearly and unambiguously set forth in the Marital Settlement Agreement of September 7, 2005. He agreed to pay for the extra-curricular expenses with no restricti[ons] or limitation[s] noted. Therefore, Father is found in contempt for non-payment of the following extra curricular expense[s]:

| | |
|---|---|
| [I.G.'s] music lessons | $1,700.00 |
| Art classes for both children | $ 176.00 |
| Sports equipment | $ 197.00 |
| CCD | $ 150.00 |
| | |
| Total | $2,223.00 |

Judgment is entered in favor of the Mother against the Father in the sum of $2,223.00.

** * * *

5. All other allegations contained in the Mother's Amended Petition for Rule to Show Cause, not otherwise made part of this order, or made part of the Mediation Settlement Agreement, are DENIED.

6. Mother's request for attorney fees is GRANTED. Father failed to make payments pursuant [to] the Marital Settlement Agreement of September 7, 2005. It was necessary for the Mother to hire an attorney to assist her in this matter. For his contempt, Father shall pay to [Mother's attorney] the sum of $1,500.00 as and for a contribution to Mother's reasonable attorney fees. Judgment in the sum of $1,500.00 is entered in favor of [Mother's attorney] and against [Father] instanter.

7. Father's Petition for Modification of Parenting Time is DENIED. The Marital Settlement Agreement entered on September 7, 2005 is clear and unambiguous. Father is to have "reasonable visitation pursuant to the Indiana Parenting Time Guidelines and in addition shall be allowed additional visitation one weekday per week".

The Indiana Parenting Time Guidelines Section II[ ]B.1.(2)[ ] clearly states that the midweek parenting time shall be, "one (1) evening per week, preferably in midweek, for a period of up to four hours but the child shall be returned no later than 9:00 p.m." The commentary for this section does suggest when distance is a factor the weekday period may be extended to an overnight. Distance is not a factor in this case. Nor did the parties agree to an overnight during the midweek in their Marital Settlement Agreement of September 7, 2005.

Father's pattern of keeping the children overnight, two nights during the week does not prevent this court from enforcing the Indiana Parenting Time Guidelines and the terms of the Marital Settlement Agreement. The evidence does not support Father's con-

tention that Mother acquiesced to the change. Mother testified that she objected the very first time that the children were kept overnight. She also tried, without success to have the local police assist her in retrieving the children. She felt intimidated by the Father, which contributed to her delay in filing any formal objection with the court.

Subsequent to the filing of the pending pleadings, the parties also agreed to the appointment and services of a parenting time coordinator. Pursuant to the terms of the Stipulated Order of Authority of Parenting Time Coordinator signed by the parties and entered by this court on March 19, 2007[,] Thomas Hoffman, as the parenting time coordinator, had the authority to recommend new or modified parenting time provisions. [ ] He also had the authority "to make recommendations and shall determine[ ] what is in the best interest of the children. . . ." [ ] Mr. Hoffman, after working with the parties, interviewing the children and investigating the school performance of the children felt that the weekday overnights were not in the children's best interest. He recommended that the additional days during the midweek not include an overnight stay.

The [c]ourt finds that [the] Marital Settlement Agreement entered on September 7, 2005[,] did not include midweek overnight parenting time. Further, that the evidence does not support Father's contention that there has been a change in circumstances and that it is in the children's best interest to modify patenting time. Father has failed to satisfy his burden of proof therefore, his petition for modification of parenting time is DENIED.

8. The current order for parenting time shall remain in effect. For clarification purposes[,] Father shall have reasonable parenting time pursuant to the Indiana Parenting Time Guidelines with an additional mid week visit. His two (2) midweek days shall be for a period of up to four (4) hours but the children shall be returned to Mother no later than 9:00 p.m. One additional requirement made part of this order is that Father will return the children before 9:00 p.m., with their homework assignments comp[l]eted and checked. Father shall not receive an additional credit on the child support spreadsheet for the midweek parenting time.

(Appellant's App. pp. 44–46).

Father now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. Admission of Parenting Time Coordinator's Recommendation

Father argues that the trial court abused its discretion when it considered the Parenting Time Coordinator's recommendation. Specifically, he argues that the Parenting Time Coordinator's recommendation was inadmissible because the Coordinator did not prepare a written recommendation for the parents to review as required by the parent's agreement stipulating to the coordinator's authority, and secondly, the Coordinator relied upon inadmissible hearsay in developing his recommendation.

First, we acknowledge that a trial court is afforded broad discretion when ruling on the admissibility of evidence. *Guzik v. Town of St. John*, 875 N.E.2d 258, 265 (Ind.Ct.App.2007), *reh'g denied*. We review a trial court's decision to admit or exclude evidence for an abuse of discre-

tion. *Gauvin v. State*, 878 N.E.2d 515, 519 (Ind.Ct.App.2007), *trans. denied.* An abuse of discretion occurs if a trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* Moreover, we will not reverse the trial court's decision to admit evidence if that decision is sustainable on any ground. *Id.*

The Stipulated Order of Authority of Parenting Time Coordinator provides, in pertinent part:

> The Coordinator shall make recommendations and shall determine what is in the best interest of the children, including participation by the children in therapy or any other issue deemed appropriate by the Coordinator. Any recommendation shall be submitted to the [c]ourt in writing with copies to each parent and counsel involved in the case. The [c]ourt shall determine whether a modification is necessary to implement recommendation of the Coordinator.

> \* \* \* \*

> The Coordinator shall first discuss any disagreement submitted with each parent in an attempt to resolve the matter. If the disagreement cannot be resolved voluntarily, the Coordinator may advise the parties that an impasse has been reached and that a recommendation will be made which shall be binding on the parties until hearing and determination by the [c]ourt.

(Appellant's App. p. 35).

When addressing Father's objection based on the Parenting Time Coordinator's failure to refine his recommendation into a written report, the trial court stated during the final hearing that, at a telephonic conference the week before, it was made known to the trial court that the Coordinator had requested additional time to work with the parties in attempt to resolve more issues and/or make a written report, but it was Father who objected and requested that the matter proceed to a final hearing. (Transcript pp. 95–96). Furthermore, the trial court stated that Father's counsel had given the trial court the impression during the telephonic conference that there was nothing giving the Parenting Time Coordinator the authority to make a written recommendation to the trial court. (Tr. p. 96). However, after being presented with the stipulation agreement at the final hearing, the trial court determined that the Parenting Time Coordinator did have the authority to make a recommendation, and the reason it was not presented in writing was due to the Father's prior representations to the trial court. Essentially, the trial court found that Father invited any error to which he was complaining. For this reason, the trial court permitted the Parenting Time Coordinator to make his recommendation by giving testimony during the final hearing. When considering the trial court's rationale for permitting the Parenting Time Coordinator to give his recommendation to the trial court orally during the final hearing, we cannot say that the trial court abused its discretion.

With respect to Father's argument that the Parenting Time Coordinator's recommendation should not have been admitted because it was based on hearsay, we first note that Father had stipulated in the agreement on Coordinator's authority that:

> The Coordinator may consult with professionals, family members and others who have information about the parents or children, such as therapists, custody evaluators, teachers, etc., and may consider that information in making a recommendation. The Coordinator shall have the authority to determine the protocol of all interviews and sessions in-

cluding the power to determine who attends such meetings. (Appellant's App. p. 36).

 Furthermore, when disputing the Parenting Time Coordinator's role during the hearing, Father expressed that the Coordinator's role "sounds to me as an expert would be[ ] being called, not a party to the case." (Tr. p. 93). From our review of the record, we would agree with Father that the Parenting Time Coordinator served a role akin to that of an expert witness who reviews information relevant to the case and develops an opinion to be accepted or rejected by the trial court. Ind. Evidence Rule 703, which permits "[e]xperts to testify to opinions based on inadmissible evidence, provided that it is of the type reasonably relied upon by experts in the field," allows experts to rely upon hearsay when formulating opinions. *See Commitment of M.M. v. Clarian Health Partners*, 826 N.E.2d 90, 95 (Ind.Ct.App. 2005), *reh'g denied, trans. denied.* We conclude that this rule should apply, by analogy, to the Parenting Time Coordinator's recommendation here. Therefore, we conclude that the trial court did not abuse its discretion when it admitted the Parenting Time Coordinator's recommendation, although it was based on hearsay.

## II. *Denial of Father's Petition to Modify Parenting Time*

 Father also argues that the trial court abused its discretion when it denied his petition to modify parenting time. Specifically, he argues that he had been keeping the children for two midweek overnight stays for over a year, and the trial court should have granted his petition to modify parenting time to be consistent with the parenting time the parties had been exercising.

 When reviewing a trial court's determination of a parenting time issue, we will grant latitude and deference to our trial courts, reversing only when the trial court abuses its discretion. *Duncan v. Duncan*, 843 N.E.2d 966, 969 (Ind.Ct. App.2006), *trans. denied.* No abuse of discretion occurs if there is a rational basis supporting the trial court's determination. *Id.* "Therefore, on appeal it is not enough that the evidence might support some other conclusion, but it must positively require the conclusion contended for by appellant before there is a basis for reversal." *Id.* We will not reweigh the evidence or judge the credibility of the witnesses. *Id.* In all parenting time issues, courts are required to give foremost consideration to the best interest of the child. *Id.*

Essentially, Father's argument is that Mother had acquiesced to his keeping the children for two overnight stays per week. If the trial court had granted Father's petition to modify parenting time, we could possibly conclude that such acquiescence supported that determination. However, the trial court did not grant Father's petition, and the fact that he had repeatedly kept the children on overnight stays during the midweek does not convince us that the trial court has abused its discretion here. To the contrary, there was substantial evidence presented to the trial court that Mother did not willingly acquiesce to the Father's decision to keep the children overnight on midweek visits. Mother testified that she repeatedly protested when Father refused to return the children during his weekly midweek visitations. Mother further testified that she called two local police offices in attempt to prevent her children from being kept overnight by Father, but did not receive any assistance. She stated the reason she waited to file her petition for rule to show cause was because of financial issues and that Father had threatened to sue for full custody if

she took him to court over his actions. We also note that Father did not file his petition to modify parenting time until after Mother filed her initial petition for rule to show cause.

Not only was the trial court presented with evidence that Mother did not acquiesce to Father's actions of keeping the children overnight during midweek visits, the trial court noted significant justifications which supported its determination that Father's petition to modify support should not be granted. As the trial court explained, Indiana Parenting Time Guidelines section II B.1.(2) provides for one evening midweek visit for up to four hours, with the children to be returned no later than 9:00 p.m. The Marital Settlement Agreement provided Father "additional visitation one weekday per week," and thus, entitled Father to two midweek visits—more than the model provided by the Indiana Parenting Time Guidelines. Moreover, the trial court noted that the parents had stipulated to the authority of a parenting time coordinator, who developed a recommendation that overnight weekday visits with Father on evenings when the children would have to go to school the next morning were not in the best interest of the children. The Parenting Time Coordinator explained that he had interviewed the parents and children, and spoken with the children's schoolteachers to develop this recommendation. For these reasons, we conclude that the trial court did not abuse its discretion when it denied Father's petition to modify parenting time.

## CONCLUSION

For the foregoing reasons, we conclude that the trial court did not abuse its discretion when it admitted the Parenting Time Coordinator's recommendation as evidence, or when it denied Father's petition to modify parenting time.

Affirmed.

BAKER, C.J., and ROBB, J., concur.