Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 13 2012, 8:47 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ROBERT J. PALMER**
May • Oberfell • Lorber
Mishawaka, Indiana

ATTORNEY FOR APPELLEE:

**MARK S. LENYO**
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE: THE MARRIAGE OF FREYBERGER: | ) | |
| | ) | |
| MELISSA L. FREYBERGER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1206-MI-252 |
| | ) | |
| DUANE L. FREYBERGER, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Michael P. Scopelitis, Judge
Cause No. 71D07-1010-MI-63

**December 13, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Duane Freyberger resides and works in Saudi Arabia. He and ex-wife Melissa Freyberger share joint custody of their three children, with whom Duane is entitled to summer parenting time. Recently, the trial court modified Duane's 2012 summer parenting time rights to permit Duane to take the children on a six-week European vacation. Melissa fears that if the children are taken out of the United States, Duane will abduct them to Saudi Arabia, where Melissa will have no recourse for their return. She appeals the trial court's modification of Duane's parenting time rights, claiming Duane failed to meet his burden of proof that international parenting time is in the children's best interests. Concluding that Melissa's case is moot, we dismiss her appeal. We also deny Melissa's request for appellate attorney's fees.

### FACTS AND PROCEDURAL HISTORY

Melissa and Duane were married on January 25, 1997, and have three minor children together. On May 5, 2008, a Colorado court dissolved Melissa and Duane's marriage and approved their final separation agreement, which calls for Melissa and Duane's joint custody of their children. The separation agreement also designates Melissa as the children's primary residential custodian and grants Duane parenting time, including summer vacation and holiday time. Following the dissolution of her marriage to Duane, Melissa relocated to Indiana, where, on November 23, 2010, she registered her and Duane's separation agreement in St. Joseph Superior Court. That court ordered all prior Colorado orders regarding parenting time to continue in full force and effect.

On April 5, 2011, Duane informed the trial court that he had accepted a job in Saudi Arabia and petitioned for the children to visit him there in the summer of 2011.

2

Melissa objected to allowing parenting time in Saudi Arabia and advised that she would not consent to the issuance of passports for the children. On April 19, 2011, the trial court ordered Melissa and Duane to immediately apply for passports for the children and that the passports be retained by Melissa. Additionally, the court ordered as follows:

> 4. Both parents are prohibited from taking the children or causing the children to be taken out of the continental United States, unless agreed by the parties in writing or approved by written order of the court.
>
> 5. Further hearing on the aforementioned pleadings is continued indefinitely to be reset upon request of either party when they have obtained sufficient information and documentation to proceed on any or all of the issues raised herein.

Appellant's App. p. 19.

On November 18, 2011, Duane requested an evidentiary hearing to determine if the children could visit him in Saudi Arabia in the summer of 2012. A hearing was held on April 4, 2012, at which Duane proposed a six-week vacation with his children, traveling in France, Italy, Germany, Switzerland, Qatar, and Bahrain. On April 5, 2012, the trial court issued its order, providing:

> 3. [Duane] may exercise all or any parts of his summer parenting time with the three minor children of the parties anywhere in the United States and/or France, Switzerland, Germany, or Italy or any other countries in Europe.
>
> 4. [Duane] shall not take the children to any Middle East countries, including but not limited to Saudi Arabia, Bahrain or Qatar at any time.

Appellant's App. p. 42.

Melissa filed a motion to reconsider, and a hearing was held on May 3, 2012. On May 31, 2012, the trial court denied Melissa's request to prohibit Duane from exercising parenting time in Europe. The trial court further ordered that its April 5, 2012 order

3

remain in full force and effect. Melissa filed notice of appeal on June 4, 2012, and this court stayed the trial court's order pending appeal on June 29, 2012.

## DISCUSSION AND DECISION

> When reviewing a trial court's determination of a parenting time issue, we will grant latitude and deference to our trial courts, reversing only when the trial court abuses its discretion. *Duncan v. Duncan,* 843 N.E.2d 966, 969 (Ind. Ct. App. 2006), *trans. denied.* No abuse of discretion occurs if there is a rational basis supporting the trial court's determination. *Id.* "Therefore, on appeal it is not enough that the evidence might support some other conclusion, but it must positively require the conclusion contended for by appellant before there is a basis for reversal." *Id.* We will not reweigh the evidence or judge the credibility of the witnesses. *Id.* In all parenting time issues, courts are required to give foremost consideration to the best interest of the child. *Id.*

*Gomez v. Gomez*, 887 N.E.2d 977, 983 (Ind. Ct. App. 2008).

## I. Best Interests

Melissa argues that the trial court abused its discretion in modifying Duane's parenting time rights to allow international travel. Specifically, Melissa claims that Duane failed to satisfy his burden of proof that international parenting time is in the children's best interests. Indiana Code section 31-17-4-2 authorizes the trial court to "modify an order granting or denying parenting time rights whenever modification would serve the best interests of the child." Such a modification, however, must be supported by a finding as to the child's best interests. *Hill v. Ramey*, 744 N.E.2d 509, 513 (Ind. Ct. App. 2001). Here, the trial court made no findings, in court or in its written order, to support its modification of Duane's parenting time. Although this error ordinarily requires remand for the trial court to enter findings as to the children's best interests, remand is inappropriate in this case because the issue is moot.

4

## II. Mootness

"The long-standing rule in Indiana courts has been that a case is deemed moot when no effective relief can be rendered to the parties before the court." *In re Lawrance,* 579 N.E.2d 32, 37 (Ind. 1991). Here, the trial court's order addressed only Duane's 2012 summer parenting time. Because this appeal has extended beyond that period, we are unable to offer Melissa or Duane relief with respect to the trial court's April 5, 2012 parenting time modification. We, therefore, accept Melissa's acknowledgement that the question at issue is moot. Melissa argues, however, that this case falls within the public interest exception to Indiana's mootness doctrine. "[A]lthough moot cases are usually dismissed, Indiana courts have long recognized that a case may be decided on its merits … when the case involves questions of 'great public interest.'" *Id.* Such cases "typically contain issues likely to recur." *Id.*

Melissa claims that the trial court's grant of international parenting time presents a question of great public interest because of the prevalence of international child abductions by non-custodial parents. Melissa also claims that the issue is likely to recur, noting that Duane has requested international parenting time on three occasions and will likely continue such requests so long as he resides in Saudi Arabia. Further, Melissa asserts her fear that Duane will abduct the children if he is able to exercise international parenting time in the future. Melissa highlights that Saudi Arabia is not party to the Hague Convention on the Civil Aspects of International Child Abduction, and she alleges that Duane has threatened child abduction previously.

Melissa's argument is misplaced. As discussed above, the only substantive issue

presented by this case is whether the children's best interests permit a modification of Duane's 2012 summer parenting time to include international travel. This issue is not capable of recurrence as contemplated by the public interest exception to the mootness doctrine. What constitutes the best interests of a child is a question of fact that varies from family to family and changes over time. Although the question may recur in the general context of international parenting time, no conclusion within the authority of this court can bear on future modification requests—whether made by Duane or other members of the public—because a determination of the child's best interests must be made each time a modification in parenting time is sought. Melissa's claims simply invite this court to reweigh the evidence, which is an exercise in which we will not engage. *Gomez*, 887 N.E.2d at 983. We conclude that the case does not present an issue of great public interest and, therefore, we dismiss Melissa's appeal as moot.

### III. Attorney's Fees

Melissa requests that we remand this case to the trial court for an assessment of appellate attorney's fees under Indiana Code section 31-17-7-1(a). This statute authorizes a trial court to award reasonable appellate attorney's fees incurred in a parenting time modification proceeding. *See Thompson v. Thompson*, 811 N.E.2d 888, 929 (Ind. Ct. App. 2004) (analyzing the identical statutory language found in section 31-15-10-1(a), which provides for attorney's fees in marriage dissolution proceedings). Melissa, however, has failed to identify a basis upon which we should evaluate her request. *See Haley v. Haley*, 771 N.E.2d 743, 753 (Ind. Ct. App. 2002) ("[T]he court may consider such factors as the resources of the parties, the relative earning ability of

the parties, and other factors which bear on the reasonableness of the award."). As such we can only turn to Indiana Appellate Rule 66(E), which authorizes this court to assess damages, including attorney's fees, if an appeal is "frivolous or in bad faith." Our discretion in this matter "is limited to instances 'when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay.'" *Boczar v. Meridian St. Found.*, 749 N.E.2d 87, 95 (Ind. Ct. App. 2001) (quoting *Orr v. Turco Mfg. Co.*, 512 N.E.2d 151, 152 (Ind. 1987)). Finding that Duane has committed no such abuse in the course of this litigation, we deny Melissa's request for attorney's fees.

This appeal is dismissed.

ROBB, C.J., and BAKER, J., concur.