**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Jul 23 2013, 6:20 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MELANIE REICHERT**
Broyles Kight & Ricafort, P.C.
Huntington, Indiana

PRO SE APPELLEE:

**TWINKLE GUJRAL**
Fishers, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DHEERAJ GULATI, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 29A02-1301-DR-144 |
| | ) | |
| TWINKLE GUJRAL, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE HAMILTON CIRCUIT COURT
The Honorable Paul A. Felix, Judge
Cause No. 29C01-1107-DR-6405

**July 23, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Dheeraj Gulati ("Father") appeals that portion of the trial court's decree of dissolution ("Decree") concerning international travel with the parties' minor child, E.G., raising the following restated issue: whether the Decree's provision stating that either parent may travel internationally with the child for up to two weeks constituted a limitation on Father's parenting time and was an abuse of discretion.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Father and Twinkle Gujral ("Mother") were married on December 14, 2004. Both parties, while of Indian origin, are United States citizens. They have one child together, E.G., born in June 2009. Father and Mother separated in July 2011. At the October 2012 final hearing, Father testified that, when E.G. reaches five or six years of age, he would like to travel with her to India in order for her to visit with his family, including his parents, see religious monuments, and experience Indian culture.

In November 2012, the trial court issued the Decree, which provided for joint legal custody of E.G., with Mother having primary physical custody of her. The Decree also provided that Father shall exercise parenting time with E.G. in excess of the Indiana Parenting Time Guidelines, with overnight visitation every Wednesday night, alternating weekends, and alternating Monday overnights following Mother's weekend. The Decree included a separate section entitled "International Travel with the Minor Child" ("Section 1.7"), which states in pertinent part:

> Each party may travel internationally with the minor child when she reaches eight (8) years of age for no more than two weeks so long as such travel does

2

not interrupt her school year. The parties shall cooperate in insuring that the child has a valid passport at all times[.] . . .The parent not traveling shall have reasonable telephonic and/or Skype parenting time at least every other day. The parties shall not travel with [E.G.] to any country that is not a signatory to the 1993 Hague Convention Treaty on Child Protection and Adoption or to any country that has an active U.S. State Department travel advisory. The parties stipulated at trial that they intend to raise [E.G.] in the United States and that the United States is [E.G.'s] habitual residence.

*Appellant's App*. at 10-11.

Father timely filed a motion to correct error, asserting that the above provision of the Decree regarding the two weeks of international travel constituted a restriction on his parenting time and, therefore, the trial court was required to, but failed to, make a specific finding that the limitation was justified because the child's physical health or emotional development otherwise might have been significantly impaired or endangered. The trial court did not rule on the motion to correct error, and it was deemed denied. Father now appeals.

### DISCUSSION AND DECISION

We review a trial court's denial of a motion to correct error for an abuse of discretion, reversing only where the trial court's judgment is clearly against the logic and effect of the facts and circumstances before it or where the trial court errs as a matter of law. *Perkinson v. Perkinson*, No. 36S05-1206-DR-371, 2013 WL 3193347, at *1, (Ind. June 25, 2013); *In re Marriage of Dean*, 787 N.E.2d 445, 447 (Ind. Ct. App. 2003), *trans. denied*.

When reviewing a trial court's determination of a parenting time issue, we will grant latitude and deference to our trial courts, reversing only when the trial court abuses its discretion. *Gomez v. Gomez,* 887 N.E.2d 977, 983 (Ind. Ct. App. 2008); *Duncan v. Duncan,*

3

843 N.E.2d 966, 969 (Ind. Ct. App. 2006), *trans. denied.* No abuse of discretion occurs if there is a rational basis supporting the trial court's determination. *Gomez*, 887 N.E.2d at 983. We will not reweigh the evidence or judge the credibility of the witnesses. *Id.* In all parenting time issues, courts are required to give foremost consideration to the best interest of the child. *Id.*

Here, Section 1.2 of the Decree, entitled "Parenting Time," provides in relevant part that Father is entitled to exercise visitation overnight every Wednesday, alternating weekends, and alternating Monday overnights following Mother's weekend with the child. *Appellant's App.* at 8. Unless otherwise agreed, all holidays will be pursuant to Indiana Parenting Time Guidelines. Both parents are given parenting time preference to recognize their separate Indian faith holidays. Additionally, each party has "up to two weeks of extended time with the child each year to travel within the United States of America or spend uninterrupted time with her." *Id.*

Section 1.7, entitled "International Travel with the Minor Child," is separate from Parenting Time, and it specifically addresses the matter of international travel. It states in pertinent part:

> Each party may travel internationally with the minor child when she reaches eight (8) years of age for no more than two weeks so long as such travel does not interrupt her school year.

The remainder of Section 1.7 addresses matters such as passport possession for the child, notice to the other parent of intent to travel internationally with her, sharing itineraries and contact information, and that any international travel with the child that exceeds the itinerary

4

provided will be deemed a wrongful retention of the child, absent written consent of both parents or due to weather delays or flight cancellations. *Id.* at 10-11.

In his appeal, Father asserts that the above provision in Section 1.7 providing for up to two weeks of international travel time constitutes a limitation on his parenting time. Indiana Code section 31-17-4-1[1] provides that a court may not restrict parenting time without making a specific finding that such time might endanger the child's physical health or significantly impair the child's emotional development. Because there was no such separate finding made by the trial court in this case, Father asserts the trial court erred. We disagree with Father's analysis.

As Mother states in her brief, "Parenting [t]ime and travel limitations are two very separate issues, which are being erroneously commingled by [Father]." *Appellee's Br.* at 13. Although Father argues that the trial court restricted his parenting time, in fact, Father's parenting time exceeds the Regular Parenting Time outlined by the Indiana Parenting Time Guidelines ("Guidelines"). For example, Father is granted visitation not only on Wednesday evenings, as provided in Section II(D)(1) of the Guidelines, but also overnight on Wednesdays and also overnight on the Monday following Mother's weekend with E.G. Section 1.7 of the Decree, with which Father takes issue, only limits the length of time that

---

[1] Indiana Code section 31-17-4-1 states in pertinent part: A parent not granted custody of the child is entitled to reasonable parenting time rights unless the court finds, after a hearing, that parenting time by the noncustodial parent might endanger the child's physical health or significantly impair the child's emotional development. Even though the statute uses the term "might," we have previously interpreted the language to mean that a court may not restrict visitation unless that visitation *would* endanger the child's physical health or emotional development. *Duncan v. Duncan*, 843 N.E.2d 966, 969 (Ind. Ct. App. 2006), *trans. denied*.

the child may be taken out of the country by either parent, and it thereby places restrictions on *both* parties regarding international travel with their minor child. Father has failed to establish that the trial court abused its discretion in this regard.

Affirmed.

VAIDIK, J., and PYLE, J., concur.