**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Mar 26 2014, 9:13 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KEVIN M. KOLBUS**
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**LOWELL A. SHROYER**
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRADLEY P. BURCHAM, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1307-DR-347 |
| | ) | |
| NICHOLE (BURCHAM) FILLMORE, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Patrick L. McCarty, Judge
Cause No. 49D03-0907-DR-33042

**March 26, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-respondent Bradley Burcham appeals the trial court's determination to deny his Petition to Increase Visitation Consistent with Indiana Parenting Time Guidelines in regard to his daughter, S.B. More particularly, Burcham argues that the trial court erred when it refused to expand his parenting time without evidence establishing that parenting time would endanger or impair S.B.'s physical or mental health. We find that the trial court did not abuse its discretion in denying Burcham's petition. Therefore, we affirm the judgment of the trial court.

## FACTS

On September 8, 2011, Burcham's marriage to Nichole Fillmore was dissolved. The marriage resulted in one child, S.B., born on August 15, 2005. Fillmore has a daughter from a previous relationship, age sixteen at the time of the dissolution. On June 18, 2009, Burcham was arrested for and later convicted of molesting Fillmore's daughter from her previous relationship in Marion County Superior Court. Burcham was incarcerated on or about June 18, 2009, and was released from prison on or about June 18, 2011.

In the dissolution decree, the trial court awarded Fillmore sole custody of S.B. While the trial court did grant Burcham parenting time with S.B., it was only to be exercised under the supervision of Kids' Voice or another court-approved agency. The trial court stated that Burcham was not to have unsupervised parenting time with S.B. until he completed a mental health examination to determine the extent of his sexual

2

deviancy and the effect of parenting time upon S.B. Burcham's current parenting time is two hours per week under the supervision of Kids' Voice.

On March 12, 2013, Burcham filed a Petition to Increase Visitation Consistent with Indiana Parenting Time Guidelines, and the trial court held a hearing on June 17, 2013. At the hearing, Burcham's father and mother testified that they would supervise the visits and watch over S.B. It was undisputed at the hearing that Burcham had failed to undergo a mental examination as ordered in the dissolution decree. On June 25, 2013, the trial court denied Burcham's petition to increase visitation.

Burcham now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

We initially observe that in all parenting time controversies, courts are required to give foremost consideration to the best interests of the child. Downey v. Muffley, 767 N.E.2d 1014, 1017 (Ind. Ct. App. 2002). When reviewing a trial court's determination of a parenting time issue, we grant latitude and deference to the trial court and will reverse only when the trial court abuses its discretion. Gomez v. Gomez, 887 N.E.2d 977, 981 (Ind. Ct. App. 2008). An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. Id. If there is a rational basis for the trial court's determination, then no abuse of discretion will be found. Downey, 767 N.E.2d at 1017. Further, we may not reweigh the evidence or judge the credibility of the witnesses. Downey, 767 N.E.2d at 1017.

3

## II. Denial of Petition

Burcham argues that the trial court erred when it denied his petition for increased visitation. He maintains that the evidence did not show that visitation would endanger or impair the physical or mental health of S.B.

While Indiana has long recognized that the rights of parents to visit their children is a privilege to be enjoyed by non-custodial parents, in all visitation issues, courts are required to give foremost consideration to the best interests of the child. Ind. Code § 31-17-4-1, Lasater v. Lasater, 809 N.E.2d 380, 400 (Ind. Ct. App. 2004). A non-custodial parent is generally entitled to reasonable visitation. Ind. Code § 31–17–4–1. A trial court may modify an order granting or denying visitation rights whenever this modification would serve the best interests of the child. I.C. § 31–17–4–2.

However, a parent's visitation rights shall not be restricted unless the court finds that "the visitation might endanger the child's physical health or significantly impair the child's emotional development." Id. Even though the statute uses the term "might," we have previously interpreted the language to mean that a trial court may not restrict parenting time unless it would endanger the child's physical health or emotional development. Duncan v. Duncan, 843 N.E.2d 966, 969 (Ind. Ct. App. 2006).

Burcham contends that there is no evidence that expanded parenting time would endanger S.B.'s physical or mental health. This assertion is contrary to other cases decided by this Court. In Duncan, we upheld a trial court's determination that, where a father had allegedly abused one child and sought parenting time with another, parenting

4

time would endanger the physical and mental health of the child. <u>Duncan</u>, 843 N.E.2d at 972. In that case, we determined that, when there was sufficient evidence to substantiate the charges against father, the trial court did not err in refusing father's petition to establish parenting time. <u>Id.</u>

Here, we are not considering allegations of abuse, but a conviction for molestation of Fillmore's child from a previous relationship. Appellee's App. p. 2. While Burcham argues that he did not in fact molest Fillmore's child, he was convicted of the molestation. <u>Id.</u> Moreover, in the September 8, 2011 dissolution decree, the trial court ordered Burcham to undergo a mental evaluation before he received unsupervised parenting time with S.B. <u>Id.</u> It is undisputed that Burcham has not done so. Tr. p. 7, 8, 14, 15, 16. In light of these facts and circumstances, we cannot say that the trial court erred when it denied his petition to increase visitation.

The judgment of the trial court is affirmed.

BARNES, J., and CRONE, concur.