## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Apr 10 2015, 7:34 am
CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Laurie Baiden Bumb | Kelly A. Lonnberg |
| Bumb & Vowels, LLP | Trisha S. Dudlo |
| Evansville, Indiana | Bamberger Foreman Oswald & Hahn, LLP |
| | Evansville, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

In Re the Marriage of:

J. D. S.,

*Appellant-Respondent,*

v.

B. S.,

*Appellee-Petitioner.*

April 10, 2015

Court of Appeals Cause No. 82A05-1407-DR-331

Appeal from the Vanderburgh Superior Court.

The Honorable Mary Margaret Lloyd, Judge.

The Honorable J. August Straus, Magistrate.

Cause No. 82D04-1307-DR-708

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Petitioner, J.D.S. (Father), appeals the trial court's Order modifying his extended summer parenting time.

We remand with instructions.

## ISSUE

Father raises one issue on appeal which we restate as: Whether the trial court abused its discretion in modifying Father's extended summer parenting time.

## FACTS AND PROCEDURAL HISTORY

Father and B.S. (Mother) (collectively, Parents) were married on March 17, 2001. During their marriage, they had two children, S.S., born in September 2002, and N.S., born in March 2006 (collectively, the Children). In the spring of 2011, Parents separated, and Father moved out of the marital home in Evansville, Indiana. On December 27, 2013, the trial court entered a Decree of Dissolution, which incorporated the Mediated Settlement Agreement (Agreement) reached by Parents.

Pursuant to the Agreement, Mother had primary physical custody of the Children and Father would exercise parenting time, but Parents shared joint legal custody. Father would have the Children on Father's Day, on his birthday, and on the 4th of July of each year, while Mother would have the Children on Mother's Day and on her birthday. As for the 2013 Christmas break, Parents agreed on an elaborate parenting time schedule. However,

Parents agreed that the Indiana Parenting Time Guidelines (Guidelines) would apply for the 2014 Christmas break.

[6] When Parents entered into the Agreement, Father had relocated from Evansville to Florida. Parents agreed that the Children would remain in Evansville and attend a Catholic parochial school. Father agreed that parenting time during the school year would be exercised in Indiana. Because Father resided in Florida, Parents agreed that they "shall work together, taking into consideration [] Father's work and travel schedule and the [C]hildren's activities to maximize [] Father's parenting time . . . ." (Appellant's App. p. 5). Distance being a factor, it was agreed that Father would have an extra week of parenting time during the summer of each year. Parents also settled that in the event Father would relocate to Evansville, Father would have the Children on alternate weekends and a mid-week overnight. In addition, Father agreed to pay $275.00 per week in child support, but Parents were to equally share the costs of the Children's extracurricular activities.

[7] Also, Parents decided that they would sell their two homes—2166 and 2162 E. Powell Ave. in Evansville, Indiana. 2166 was their marital residence, and Parents used 2162 as a rental property. As for the Parents' matrimonial home, Parents agreed that it shall be sold by a realtor of Father's choosing and the net proceeds to be applied to the "Target, Chase and Evansville Teacher Federal Credit Union credit card debt, limited to a maximum of $31,000.00" and the remainder of the proceeds if any, to be applied to the "IRS debt." (Appellant's

App. p. 7). As for the Parents' rental home, it was agreed that any equity or liability should be split equally.

[8] On January 3, 2014, Mother filed a petition requesting Father to be held in contempt. The trial court set a hearing for February 28, 2014. On February 7, 2014, Father filed a notice of intent to relocate from "his current residence in [] Florida to a nearby residence." (Appellant's Br. p. 2). The Chronological Case Summary (CCS) shows that on February 28, 2014, at the contempt hearing, the trial court ordered that Mother would have the Children "[one] night whenever Father has parenting time of [seven] days in a row." (Appellant's App. p. 7). On March 7, 2014, Father filed a second notice of intent to relocate, this time, back to Evansville, Indiana. Three days later, on March 10, Mother filed a Verified Petition to Modify and/or Clarify Information for Contempt and Objection to Notice of Relocation. In that petition, Mother alleged that Father had failed to comply with the most recent order. Mother also claimed that Father interfered with the Children's sporting activities and had failed to pay for the Children's extracurricular activities. In addition, Mother stated that Father had failed to list the marital home for sale and his intention to move back to the home is inconsistent with his obligation under the Agreement to sell the home and apply the proceeds to the marital debt. Also, Mother alleged that Father's income had since improved because Father was able to travel twice a month from Florida on alternating weekends, and that his visits, at some point, turned into a week-long event. Due to her suspicion that Father's income had since increased, Mother claimed that there should be an adjustment to the existing

child support payments. In addition, Mother sought modification from the ordered payment of extracurricular expense from the 50/50 ratio, to Father being responsible for 75% and Mother for 25%. As for parenting time, Mother argued that it should be modified in accordance with the Guidelines because of Father's ability to be in the Evansville area for a lengthy period of time during his visits or in the event that Father moves back to Evansville. Lastly, Mother argued that Father should not have the Children for more than a week during the school year or for more than six weeks at a time during the summer, particularly, if Father moved back to Evansville.

[9] On May 12, 2014, Father filed a motion to dismiss Mother's petition. Father alleged that the Agreement did not set a timeline to list their marital home for sale, and he explained that the listing was delayed due to repair and insurance issues of which Mother was made aware. As for Mother's claim that he had interfered with the Children's sporting events, Father stated that he had missed one event due to Mother over-scheduling of activities. Father also stated that his salary remained unchanged. Father explained that the only reason he was able to travel twice a month was due to budget rates on Allegiant Air. In addition, Father claimed that Mother had failed to share the Children's events through Google calendar, and due to that omission, Father had missed N.S.' first holy communion, a major life event. Lastly, Father claimed that there would be no negative impact on the Children if he moved back to their unoccupied marital home.

[10] The trial court scheduled a hearing on May 14, 2014, to hear Mother's petition and Father's motion to dismiss. At the commencement of the hearing, Parents informed the court that they had reached a partial agreement, which was recited in open court. Mother's counsel expressed that Father was no longer relocating to Evansville; however, Parents had agreed that Father would exercise eight overnights per month during the school year but not for more than four consecutive days at a time. As for the four-day rule, Mother's counsel stated it would not apply to Father's parenting time over spring break or Christmas break. It was stated that Mother was withdrawing her request to modify the child support, and costs of the extracurricular activities. Parents also agreed that during Father's visits in Evansville, Father would maintain the Children's extracurricular activities, including scouting, tennis, archery, karate, and S.S. service in Church. Lastly, Mother's counsel stated that Parents settled that the Children's scheduled activities would be posted on Google calendar and that Parents would keep each other informed about the Children's major life events, incidents, or accidents.

[11] A summary hearing on all pending issues ensued. The most important issue on appeal is Father's extra week of summer parenting time. According to the December 27, 2013 Agreement, Parents agreed that summer parenting time will be in accordance with the Guidelines with one exception: Father was entitled to an extra week of parenting time during the summer of each year. Mother posited that because Father would be exercising all the parenting time as per the Guidelines—alternating weekends and mid-week overnights—Father should

not be entitled to the extra week of parenting time in the summer. Father's counsel argued that distance being a factor, he should continue to have his extra week of parenting time in the summer. In addition, Father wished to exercise his parenting time in one consecutive block whereas Mother wished that it be split in several blocks.

[12] In determining whether Father would continue to have his extended parenting time in the summer, the trial court resolved that "there won't be that bonus extra week because [Father] is getting his eight days during the summer . . . or, during the month." (Tr. p. 42). In addition, the trial court's Order modifying custody stated that:

> 5. [] Father shall be entitled to parenting time in Evansville for eight (8) days per month, consistent with regular parenting time schedule in the Indiana Parenting Time Guidelines as if he were residing in Indiana. Because he does not reside in Indiana, he may take those days no more than four (4) consecutive days at a time. Spring Break, Christmas Break and Summer Break parenting time shall not be restricted to four-day limit, per [A]greement.
>
> 6. [] Father shall be entitled to one-half (½) of the summer break for parenting time pursuant to the Indiana Parenting Time Guidelines. He may take his half of the summer in one extended visit rather than breaking up his visit. During each party's block of summer parenting time, the other parent is not entitled to interrupt with temporary interim parenting time unless agreed upon by the parties. [] Father shall return the [C]hildren to [] Mother at least one week prior to the beginning of school, to get them ready and back into a routine.
>
> (Appellant's App. p. 9).

On June 13, 2014, Father filed a motion to correct error, alleging that pursuant to their Agreement, he was entitled to an extra week of summer parenting time. In addition, Father contended that "Mother's [c]ounsel added an issue" as to the extra week of parenting time, to which Father "did not agree with nor seek to address at [the summary] hearing." (Appellant's App. p. 38). Father maintained that modification of his extra week of parenting time required detailed findings by the trial court, which did not ensue. On June 17, 2014, the trial court denied Father's motion.

Father now appeals. Additional information will be provided as necessary.

## DISCUSSION AND DECISION

When reviewing a trial court's determination of a parenting time issue, we will grant latitude and deference to our trial courts, reversing only when the trial court abuses its discretion. *Gomez v. Gomez*, 887 N.E.2d 977, 983 (Ind. Ct. App. 2008). No abuse of discretion occurs if there is a rational basis supporting the trial court's determination. *Id*. We will not reweigh the evidence or judge the credibility of the witnesses. *Id*. In all parenting time issues, courts are required to give foremost consideration to the best interest of the child. *Id*.

We note a parent's right as the noncustodial parent to visit his Children is a "precious privilege." *Duncan v. Duncan*, 843 N.E.2d 966, 969 (Ind. Ct. App. 2006), *trans. denied.* Therefore, a noncustodial parent is generally entitled to reasonable visitation rights. *Id*. The trial court's modification of a parent's parenting time is governed by Indiana Code section 31-17-4-2, which provides:

> The court may modify an order granting or denying parenting time rights whenever modification would serve the best interests of the child. However, the court shall not restrict a parent's parenting time rights unless the court finds that the parenting time might endanger the child's physical health or significantly impair the child's emotional development.[1]

The record shows that at the start of the summary hearing, Parents arrived at a partial agreement where Father would have regular parenting time during the school year—eight overnights per month. However, Mother requested the trial court to equally split the summer parenting schedule as recommended by the Guidelines. The trial court granted Mother's wish by stating "there won't be that bonus extra week because [Father] is getting his eight days during the summer . . . or, during the month." (Tr. p. 42). Father maintains that the trial court's "adherence" to the Guidelines so as to modify his summer parenting time is flawed and is not a substitute for modifying parenting time. (Appellant's Br. p. 10). According to Father, because the trial court did not issue any finding as to whether that modification would serve the Children's best interest, we should remand this cause. We agree. After combing through the record, there was no mention as to whether modification of Father's summer parenting

---

[1] Because we are remanding this cause, we need not address Father's claim as to whether modification amounted to a restriction of his parenting time.

would be in the best interest of the Children. *See Hill v. Ramey*, 744 N.E.2d 509, 513 (Ind. Ct. App. 2001) (holding that modification of visitation was "improper because the order includes no finding that modification would serve the child's best interests"). Here, the trial court failed to articulate at the hearing or in its written order whether modification of his parenting time would serve the Children's best interests. Under these circumstances, we remand for the trial court to determine and make findings as to whether the modification of Father's summer parenting time would serve the Children's best interests.

## CONCLUSION

[18] For the reasons mentioned above, we conclude that the trial court abused its discretion in modifying Father's summer parenting time without a finding that modification is in the best interest of the Children. In this regard, we remand for the trial court to make necessary determination consistent with this opinion.

[19] Remanded with instructions.

[20] Vaidik, C. J. concurs

[21] Baker, J. dissents with separate opinion

| | |
|---|---|
| In re the Marriage of: | Court of Appeals Case No. 82A05-1407-DR-331 |
| J.D.S., | |
| *Appellant-Respondent,* | |
| v. | |
| B.S., | |
| *Appellees-Petitioner.* | |

**Baker, Judge, dissenting.**

I respectfully dissent. The trial court here was presented with a very complex set of circumstances to consider. The parties' prior arrangement was complicated to begin with, and Father's decision to relocate back to Indiana, followed by his decision to remain in Florida, taking into account his ability to spend more time with the Children during the school year than the parties had originally anticipated, left the trial court with quite a knot to untangle.

[23] In my view, the trial court did a superb job managing the interests of the parents and Children, and arrived at a fair result for all concerned. It is readily apparent to me that the trial court took the best interests of the Children into account in modifying the parties' parenting time arrangement. That the trial court did not explicitly state as much does not, in my opinion, warrant a remand. I believe that would be an unnecessary use of judicial resources, as well as the parties' time and money. Consequently, I would affirm the trial court's order.