## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 30 2017, 9:22 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ruth Ann Johnson
Marion County Public Defender
Appellate Division
Indianapolis, Indiana

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Anthony Roberson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

August 30, 2017

Court of Appeals Case No.
49A02-1612-CR-2761

Appeal from the Marion Superior Court

The Honorable Linda E. Brown, Judge

Trial Court Cause No.
49G10-1512-CM-45870

**May, Judge.**

Anthony Roberson appeals his conviction of Class A misdemeanor battery resulting in bodily injury.[1] He argues the trial court abused its discretion when it allowed an interpreter to translate the victim's statements, and the State did not present sufficient evidence to support his conviction. We affirm.

## Facts and Procedural History

On December 27, 2015, Govindbhai Patel was working at the Royal Inn motel. Patel was cleaning on the second floor of the motel when he noticed an open window on a vacant room. Through the window, Patel could see Roberson sleeping inside the room. Patel recognized him because Roberson "used to sleep right on the staircase in their motel." (Tr. at 7.) When Patel went into the room, he did not see anyone, but he saw a pair of shoes on the floor. Patel noticed, through a crack in the door, that Roberson was hiding in the bathroom. Patel went to the bathroom, and Roberson "opened the door very quickly on [Patel], and it hurt him and he fell down." (*Id*. at 8.) Patel clarified by explaining Roberson pushed him with his hands. Patel's back was injured from his fall, and Roberson ran away after pushing Patel down.

Patel tried calling the front office from the motel room phone. Patel then went to the front office, as he suspected Roberson might be hiding there. He saw Roberson run toward Walgreens. Patel and the motel manager pursued

---

[1] Ind. Code §§ 35-42-2-1(b)(1) & 35-42-2-1(c)(1) (2014).

Roberson and called the police from the Walgreens. Police subsequently located Roberson at a nearby gas station and arrested him. The State charged Roberson with Class A misdemeanor battery resulting in bodily injury and Class A misdemeanor criminal trespass.[2]

[4] At a one-day bench trial, the State used an interpreter, Depak Goradia, to translate Patel's testimony from the Indian language of Gujarati to English. The trial court asked Goradia what language he would be translating, and Goradia was administered an oath in which he swore he would properly translate Patel's testimony. During Patel's testimony, Roberson objected repeatedly to the manner[3] in which Goradia was translating, and eventually the court acknowledged Roberson's standing objection to the interpretation.

[5] After a bench trial, the trial court found Roberson guilty of one count of Class A misdemeanor battery resulting in bodily injury. He was sentenced to 365 days in jail with 335 days suspended and thirty days credit. The trial court also sentenced Roberson to 335 days of probation, ordered Roberson to have no contact with Patel, and ordered Roberson to stay away from the Royal Inn.

# Discussion and Decision

---

[2] Ind. Code § 35-43-2-2 (2014).

[3] For example, Roberson objected to Goradia's translation of Patel's answer to a question because Roberson felt Goradia was summarizing Patel's words instead of translating Patel's words verbatim.

# Abuse of Discretion

[6] "On appeal, because we have noted that the manner in which an examination of an interpreter occurs is discretionary, we will review the trial court's examination under an abuse of discretion standard." *Tesfamariam v. Woldenhaimanot*, 956 N.E.2d 118, 122 (Ind. Ct. App. 2011). An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances presented to the court. *Gomez v. Gomez*, 887 N.E.2d 977, 982 (Ind. Ct. App. 2008). If the trial court's decision to admit evidence is sustainable on any ground, we will not reverse its decision. *Id*.

[7] Roberson argues the court abused its discretion in allowing Goradia to translate because the court "failed to make but a cursory inquiry as to Mr. Goradia's qualifications." (Appellant's Br. at 8.) As an initial matter, we note Roberson did not object to Goradia's qualifications as a translator or to the trial court's acceptance of Goradia as a translator, and thus the issue is waived for our review. *See Tesfamariam,* 956 N.E.2d at 122 (when complaining party does not object to the qualification of the interpreter during trial, the issue is waived for appellate consideration).

[8] An exception to the doctrine of waiver arises when errors are so blatant and serious that to ignore them would constitute a denial of fundamental due process, *i.e.*, when fundamental error has occurred. *Madden v. State*, 656 N.E.2d 524, 526 (Ind. Ct. App. 1995), *trans. denied*. The fundamental error doctrine permits us to consider the merits of a waived error if the error was so prejudicial

to the rights of the appellant that he could not have had a fair trial. *Id.* To be "fundamental," error must be "a clearly blatant violation of basic and elementary principles, and the harm or potential for harm therefrom must be substantial and apparent." *James v. State*, 613 N.E.2d 15, 25 (Ind. 1993). This means irremediable prejudice to a defendant's fundamental right to a fair trial must be immediately apparent in the disputed evidence or argument. *Allen v. State*, 686 N.E.2d 760, 775 n.3 (Ind. 1997), *reh'g denied, cert. denied sub nom Allen v. Indiana*, 525 U.S. 1073 (1999).

[9]     At the beginning of Roberson's trial, the court identified Goradia as the interpreter for Patel. The court then asked, "you are the court appointed interpreter translating what language, sir?" (Tr. at 4.) Goradia answered the language was "Gujarati," (*id.*), and the State's witness Patel spoke Gujarati. The court then administered an oath to Goradia. Roberson did not object to any of these processes.

[10]    Roberson objected thereafter when he suspected Goradia was not properly translating Patel's testimony. Goradia admitted he was "summarizing . . . [what Patel said] . . . sometimes." (*Id.* at 10.) The trial court reminded Goradia to "tell us exactly what [Patel] said." (*Id.* at 12.) After a subsequent objection to the way Goradia translated Patel's words, the trial court told Roberson:

> I understand your objection but I can't help that right now because -- I understand that this -- it sounds like the interpreter is saying -- is not translating it as if in the words of the [witness] exactly. . . . I think based on this language that is the way this

interpretation is going to happen. . . And, I promise you, I will give it the proper weight, okay?

(*Id.* at 13.)

[11] This case was not tried before a jury, but instead was tried before the bench. "[I]n criminal bench trials, we presume that the court disregard[s] inadmissible testimony and render[s] its decision solely on the basis of relevant and probative evidence." *Griffin v. State,* 698 N.E.2d 1261, 1267 (Ind. Ct. App. 1998), *trans. denied.* Further, generally valid issues with regard to fundamental error such as "unfair prejudice, confusion of the issues, or potential to mislead the jury" are relevant only in jury trials. *Ruiz v. State*, 926 N.E.2d 532, 535 (Ind. Ct. App. 2010), *reh'g denied, trans. denied.* The trial court assured Roberson he would give Patel's testimony proper weight, and the trial court asked Goradia if he spoke the language he was in court to translate. As we have no other standard by which to measure the trial court's actions,[4] we conclude the trial court did not commit fundamental error when it allowed Goradia to translate for Patel.

## Sufficiency of the Evidence

[12] When reviewing sufficiency of the evidence in support of a conviction, we do not reweigh evidence or assess credibility of witnesses. *Walker v. State*, 998

---

[4] In *Cruz Angeles v. State*, we suggested a non-exhaustive list of questions a trial court could pose to a potential interpreter to ensure that individual is qualified to provide courtroom translation. 751 N.E.2d 790, 795 (Ind. Ct. App. 2001), *trans. denied.* As the question of how to properly qualify interpreters for trial is a recurring issue, we respectfully request the Indiana Supreme Court provide additional guidance regarding interpreter qualification.

N.E.2d 724, 726 (Ind. 2013). We consider only the probative evidence and reasonable inferences drawn therefrom in the light most favorable to the judgment. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). The decision comes before us with a presumption of legitimacy, and we will not substitute our judgment for that of the fact-finder. *Binkley v. State*, 654 N.E.2d 736, 737 (Ind. 1995), *reh'g denied*. Conflicting evidence is considered most favorably to the verdict. *Drane*, 867 N.E.2d at 146. We affirm a conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id*. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference reasonably may be drawn from it to support the verdict. *Id*. at 147.

[13] To prove Roberson committed Class A misdemeanor battery resulting in bodily injury, the State had to prove beyond a reasonable doubt: (1) Roberson (2) knowingly or intentionally (3) touched Patel (4) in a rude, insolent, or angry manner, and (5) that conduct resulted in bodily injury to Patel. *See* Ind. Code § 35-42-2-1 (2014).

[14] Roberson argues the State failed to present sufficient evidence beyond a reasonable doubt that he committed battery because Patel's testimony was inconsistent and vague. Specifically, he argues that the testimony did not prove he touched Patel in a rude, insolent or angry manner beyond a reasonable doubt. To support his argument, Roberson points to parts of Patel's testimony that were unclear. One part Roberson asserts is inconsistent was whether Patel fell down from Roberson pushing the bathroom door at him or if Roberson

pushed Patel down using his hands. This question was cleared up when Patel was asked whether it was the door or Roberson's hands, and Patel responded Roberson pushed him with hands. There was also confusion in the testimony about whether Patel's first action after being pushed down was to call the front office or to go to the office. However, even if Patel's testimony was confusing or unclear at times, "it is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction," and we decline Roberson's invitation to invade the fact-finder's role. *See Drane*, 868 N.E.2d at 146. Thus, we conclude the evidence was sufficient to convict Roberson of battery.

# Conclusion

[15] The trial court did not create fundamental error by allowing Goradia to translate Patel's testimony, and the State presented sufficient evidence to convict Roberson of Class A misdemeanor battery. Accordingly, we affirm.

[16] Affirmed.

Brown, J., and Pyle, J., concur.